UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XTRA LEASE LLC,

        Plaintiffs,

  v.              6:11-cv-46

UNIVERSAL CUSTOM MILLWORK, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  XTRA Lease, LLC ("XTRA") commenced the instant action seeking to recover possession of certain trailers it leased to Defendant Universal Custom Millwork, Inc., and to recover damages in the amount of outstanding monies owed, plus collection costs.

  Pursuant to an Equipment Lease Agreement ("ELA"), XTRA leased to Universal eight trailers.  The terms of the lease called for a monthly rental fee along with another fee based on the number of miles put on each trailer.  On January 5, 2011, XTRA sent a letter to Universal declaring it in breach of the Equipment Lease Agreement for failure to make payments.  XTRA demanded payment and the immediate return of the trailers.  Universal has neither made the necessary payments nor returned the trailers.  XTRA now seeks to recover the trailers because, it asserts, the trailers are easily movable, debtors frequently attempt to secrete trailers, and that, as time goes on, it becomes increasingly difficult to locate and recover the trailers, which continue to depreciate in value.

On January 13, 2011, XTRA moved by Order to Show Cause for a temporary restraining order, preliminary injunction, and order of seizure of the trailers. The Court directed that "a copy of this Order to Show Cause and Temporary Restraining Order, together with the copies of the above-referenced papers upon which it is made, shall be personally served (or attempted to be personally served) no later than Jan 17, 2011. . . ." See Dkt. No. 6. Responsive papers were to be filed by January 24, 2011. See Dkt. No. 6

On January 14, 2011, XTRA filed an affidavit of service indicating that process was personally served "with an agent authorized by the Secretary of State to receive service as herein described, at the office of the Department of State in the City of Albany, New York. . . ."

Generally speaking, process may be served upon corporations pursuant to N.Y. Bus. Corp. Law § 306. Here, however, because of the expedited nature of Plaintiff's motion, the Court directed that the Corporation be personally served so it received timely notice. That was not done here. Accordingly, Defendant was not afforded adequate notice and Plaintiff's motion must, therefore, be DENIED.

IT IS SO ORDERED.

Dated: January 27, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy