UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XTRA LEASE LLC,

                                  Plaintiffs,

      v.                                                        6:11-cv-46

UNIVERSAL CUSTOM MILLWORK, INC.,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

XTRA Lease, LLC ("XTRA") commenced the instant action seeking to recover possession of certain trailers it leased to Defendant Universal Custom Millwork, Inc., and to recover damages in the amount of outstanding monies owed, plus collection costs.

Pursuant to an Equipment Lease Agreement ("ELA"), XTRA leased eight trailers to Universal. The terms of the lease called for a monthly rental fee along with another fee based on the number of miles put on each trailer. On January 5, 2011, XTRA sent a letter to Universal declaring it in breach of the Equipment Lease Agreement for failure to make payments. XTRA demanded payment and the immediate return of the trailers. Universal has neither made the necessary payments nor returned the trailers. XTRA now seeks to recover the trailers because, it asserts, the trailers are easily movable, debtors frequently

attempt to secrete trailers, and that, as time goes on, it becomes increasingly difficult to locate and recover the trailers which continue to depreciate in value.

On January 13, 2011, XTRA moved by Order to Show Cause for a temporary restraining order, preliminary injunction, and order of seizure of the trailers.  The Court directed that "a copy of this Order to Show Cause and Temporary Restraining Order, together with the copies of the above-referenced papers upon which it is made, shall be personally served (or attempted to be personally served) no later than Jan 17, 2011. . . ." See Dkt. No. 6.  Responsive papers were to be filed by January 24, 2011.  See Dkt. No. 6.  To date, Defendant has failed to respond.

On January 14, 2011, XTRA filed an affidavit of service indicating that process was personally served "with an agent authorized by the Secretary of State to receive service as herein described, at the office of the Department of State in the City of Albany, New York. . . ."  The Court initially denied the motion on the ground that Defendant had not received sufficient notice.  In its motion for reconsideration, XTRA submitted evidence that it also provided Defendant with a copy of the papers via FedEx (which delivered the papers on January 29, 2011), and via e-mail.  A copy of the motion for reconsideration was served via FedEx.  The Court's concern was that personal service on an agent of the Defendant Corporation (rather than delivery to the Secretary of State) was required because of the abbreviated time period for responding to the motion.  Now that additional time has passed thereby allowing the Secretary of State to re-deliver papers to Defendant, the Court finds that service on the Secretary of State, together with the additional methods used to apprise

Defendant of this matter, constitutes adequate notice of the instant litigation and pending motion. See N.Y. Bus. Corp. Law § 306. Accordingly, the Court will now address the merits of the pending motions.

**Temporary Restraining Order**

Plaintiff seeks a temporary restraining order preventing Defendant from using or moving the subject trailers. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., ---U.S. ----, ----, 129 S. Ct. 365, 376 (2008). The Second Circuit has articulated the following standard for granting a preliminary injunction:

> In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

Monserrate v. New York State Senate, 599 F.3d 148, 154 (2d Cir. 2010).

Based on the evidence before the Court, Plaintiff has demonstrated a likelihood of success on the merits. Plaintiff has established the existence of what appear to be valid lease agreements together with an affidavit establishing that Plaintiff has performed its obligations under the agreements and that Defendant has failed to pay. In its affidavit, Plaintiff also established that it has the right to take immediate possession of the trailers upon default, that it demanded the return of the trailers, and that Defendant has failed to do so. Plaintiff also states that it knows of no known defenses. These allegations satisfy the elements of breach of contract and replevin claims. See Dore v. Wormley, 690 F. Supp.2d

176, 183 (S.D.N.Y. 2010) (noting that a plaintiff must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right and that demand upon, and refusal of, the person in possession of the chattel to return it are essential elements of a replevin cause of action.).

The more difficult question concerns the issue of irreparable harm.  Plaintiff contends that there is irreparable harm because "there is a high probability that [Defendant] will conceal, sell or move the Trailers and prevent XTRA from obtaining possession of the Trailers."  Plaintiff further contends that "pecuniary damages would not fully compensate XTRA for the loss of its Trailers since such damages may not be easily recovered."

Ordinarily, the availability of monetary damages that can be estimated and compensated are an adequate remedy and, therefore, preclude a finding of irreparable harm. See Brenntag Intern. Chemicals, Inc. v. Bank of India, 175 F.3d 245, 250 (2d Cir. 1999). However, even when a party is seeking monetary damages, irreparable harm may be found where "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied.  For this reason, courts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents." Id. at 250.

Although the Court is sympathetic to Plaintiff's concerns, there is insufficient evidence that Defendant is likely to conceal or otherwise relocate the trailers or that it is unable to satisfy a money judgment.  Plaintiff concedes in its memorandum of law that

Defendant has not threatened to conceal the trailers.  Rather, Plaintiff's concern is based upon its "experience that lessees having financial difficulties may attempt to conceal Trailers."  This allegation is insufficient to warrant injunctive relief.  Moreover, although there is some indication that Defendant may have ceased conducting operations,[1] there is insufficient evidence that it is unable or unwilling to return the trailers or that it is unable to satisfy a monetary judgment.  Accordingly, the motion for injunctive relief is DENIED WITH LEAVE TO RENEW.  Plaintiff is hereby granted leave to conduct expedited discovery concerning Defendant's ability to satisfy a monetary judgment, whether it continues to operate, and the location of the trailers.  Defendant shall respond to any such discovery requests within seven calendar days.

**SEIZURE PURSUANT TO N.Y.C.P.L.R. § 7102**

Plaintiff also moves for seizure of the subject trailers pursuant to N.Y.C.P.L.R. § 7102.  Pursuant to § 7102(d)(1):

> Upon presentation of the affidavit and undertaking and upon finding that it is probable the plaintiff will succeed on the merits and the facts are as stated in the affidavit, the court may grant an order directing the sheriff of any county where the chattel is found to seize the chattel described in the affidavit and including, if the court so directs, a provision that, if the chattel is not delivered to the sheriff, he may break open, enter and search for the chattel in the place specified in the affidavit.

For the reasons previously discussed, the Court finds that it is probable that Plaintiff will succeed on the merits.  Moreover, Plaintiff has submitted an affidavit that satisfies §

---

[1] According to Plaintiff: (1) its employees have driven by Defendant's facility several times and have not observed any activity there; (2) phone calls placed to Defendant have been routed to an automated answering system with an inability to speak to a live person; and (3) Defendant has failed to return telephone calls.

- 5 -

7102(c).[2]  Plaintiff also has submitted a bond in the requisite amount.[3]  Accordingly, the motion for an order of seizure is GRANTED.

For the foregoing reasons, Plaintiff's motion for a temporary restraining order and/or injunctive relief is DENIED WITH LEAVE TO RENEW, the motion for an Order of Seizure is GRANTED, and Plaintiff's proposed bond is APPROVED.  Plaintiff shall promptly post the bond with the Clerk's Office, after which time Plaintiff may then seek to have this Order enforced.  Plaintiff shall immediately serve a copy of this Decision and Order on Defendant pursuant to N.Y. Bus Corp. Law § 306 and via an overnight delivery service to the last known business address.  It is hereby ORDERED that the Marshal or sheriff of any county where the trailers are located are hereby directed to seize the chattels.  If the chattels are not delivered to the marshal or sheriff, he may break open, enter and search for the chattels at 3 Sam Stratton Road, Amsterdam, New York, 12010.

---

[2] Section 7012(c) requires an affidavit

which shall clearly identify the chattel to be seized and shall state:

1. that the plaintiff is entitled to possession by virtue of facts set forth;

2. that the chattel is wrongfully held by the defendant named;

3. whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them;

4. the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claimed;

5. if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel, the place where the chattel is located and facts sufficient to establish probable cause to believe that the chattel is located at that place; [and]

6. that no defense to the claim is known to the plaintiff. . . .

[3] § 7012(e) requires an undertaking in an amount not less than twice the value of the chattel stated in the plaintiff's affidavit.

IT IS SO ORDERED.

Dated: February 7, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge