UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XTRA LEASE LLC,

                Plaintiff,

      v.                            6:11-cv-46

UNIVERSAL CUSTOM MILLWORK, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

XTRA Lease, LLC ("XTRA") commenced the instant action seeking to recover possession of certain trailers it leased to Defendant Universal Custom Millwork, Inc., and to recover damages in the amount of outstanding monies owed, plus collection costs.  Presently before the Court is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) in the amount of $71,199.76 plus costs in the amount of $390.00.

It has been nearly four months since Plaintiff filed the Complaint and served it on Defendant.  To date, Defendant has failed to appear.  The Clerk of the Court entered default on March 17, 2010.  Plaintiff now moves for default judgment.  Defendant has not opposed the motion.

Defendant's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint.  H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006).  Based on the default, Defendant admits that: (1) it entered into an Equipment Lease

Agreement ("ELA") with Plaintiff whereby Plaintiff leased eight trailers to Defendant; (2) the terms of the lease called for a monthly rental fee along with another fee based on the number of miles put on each trailer; (3) on January 5, 2011, Plaintiff sent a letter to Defendant declaring it in breach of the Equipment Lease Agreement for failure to make payments; (4) Plaintiff demanded payment and the immediate return of the trailers; and (4) Defendant has neither made the necessary payments nor returned the trailers.  These factual allegations establish the essential elements of Plaintiff's claims.  Thus, Defendant's liability is established and Plaintiff is entitled to judgment on its claims for relief.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . . Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Fed. R. Civ. P. 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages. See Tamarin v.. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).  However, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it is ensured that there was a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir.1989). Plaintiff seeks judgment against Defendant in the amount of $71,119.76 for amounts owed under the leases plus $390.00 in costs (the $350.00 filing fee and $40.00 for the cost of service of process).  Plaintiff's submissions serve as a proper basis for establishing the amount owed under the leases, which amounts are sums certain susceptible to mathematical

computation.  Because these damages are susceptible of mathematical computation, the

Court will enter judgment in this amount unless, within fourteen days of the date of this

Order, Defendant files affidavits and/or other evidence, admissible in form, contesting or

otherwise addressing the proper calculation of damages. In its submission, Defendant shall

also indicate whether it is requesting an evidentiary hearing.

          For the foregoing reasons, Plaintiff's motion for default is GRANTED on the issue

of liability.  If Defendant fails to submit evidence in opposition to Plaintiff's claimed damages

within fourteen days of the date of this Order, the Clerk shall enter judgment against

Defendant and in favor of Plaintiff in the amount of $71,119.76 in damages and $390.00 in

costs without further order of the Court.

IT IS SO ORDERED.

Dated:May 23, 2011


Thomas J. McAvoy
Senior, U.S. District Judge